### SCHWAMAN v. TRUAX et al.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. PARTITION—SALE—CONFIRMATION—FINAL JUDGMENT—ACTION TO SET ASIDE.

Where, pending a suit for partition, plaintiff applied for a postponement of the sale, pending the determination of an action to recover certain personal property conveyed by decedent, the source of title to the property in the partition suit, to one of the defendants, alleging that such conveyance was void, and that, on vacation of the same, plaintiff would be in a position to bid on the property partitioned, which application was denied and the property sold, plaintiff, after having successfully prosecuted the suit to recover such personal property, could not maintain an independent bill to set aside the judgment confirming the partition sale, in the absence of fraud, on the mere allegation that, if the property was again sold, she would bid an increased price therefor.

Appeal from special term.

Action by Florence B. Schwaman against Edgar I. Truax and others to set aside a final judgment in partition. From a final judgment, entered on an interlocutory judgment sustaining a demurrer to the complaint for want of facts, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

John F. Clute (Robert J. Landon, of counsel), for appellant.
A. J. Dillingham, for respondents.

KELLOGG, J. The only question involved in this appeal is the one determined by the interlocutory judgment sustaining the demurrer to the complaint on the ground that it failed to state a cause of action. The action is brought to set aside a final judgment in partition, entered after a sale of real estate in a partition action brought by this plaintiff against these defendants, and to set aside a sale directed by the interlocutory judgment in that action. The sale was made September 15, 1898, confirmed October 8, 1898, and final judgment thereupon entered. It seems that all parties are satisfied with the interlocutory judgment directing a sale. We must assume that all parties to the action were present in court at the confirmation of such sale and upon the rendition of the final judgment, and that no appeal was taken therefrom.

The complaint alleges that plaintiff was present at the sale and a bidder thereat for the property. The complaint further alleges that the action in partition was begun by this plaintiff in July, 1897, and after the commencement of that action she learned of the execution by her mother in 1890 and in 1893 of transfers of the mother's personal property to defendant Bertha E. De Land, and, upon acquiring such information, she applied on October 16, 1897, for letters of administration on her mother's estate, apparently with a view of

testing the validity of such transfers; that she failed to obtain letters of administration; that thereafter, on June 25, 1898, she procured to be entered the interlocutory judgment in partition, and thereafter, on July 29, 1898, she began an action to set aside such transfers and to have declared that she was owner of one-half interest in such personal property; that on the same day plaintiff "made a motion in the partition suit to have the sale of the real estate therein postponed, plaintiff in her moving papers showing that she had commenced said action to vacate said instruments and for an accounting; that, besides said cause of action, she had no other property than her one-fourth interest in the real estate to be sold; and that, in order to protect her interest in said real estate, it was necessary that she should be able to bid against Edgar and Bertha, who were very friendly, and whose joint interest embraced three-fourths of the said real estate; that said motion was denied, the court holding that, the title to the real estate being undisputed, its sale could not be suspended while plaintiff was trying to establish her right to other property; that plaintiff appealed from said order, which was made August 6, 1898, and moved for a stay pending the appeal, which was denied September 10, 1898, on preliminary objection, and such sale took place on September 15, 1898." The complaint does not disclose what disposition was made of the motion on appeal. At the sale of September 15, 1898, the whole of the real estate was bid in by Bertha for $31,200. Plaintiff bid $20,000 for one parcel, which was struck down to Bertha for $20,250. The plaintiff alleges that she was unable to bid more, because she could not command her interest in the personal estate, which she had sued for. If she could have had possession of her claimed interest in the personal estate, she would have been willing to have bid $25,000 for the parcel, which was sold for $20,250,—that she believed it worth $30,000. The sale was confirmed October 8, 1898, and final judgment was entered. The complaint does not allege any opposition by plaintiff to confirmation of the sale or to entry of final judgment, or that at any time she applied in that action to set aside the sale for inadequacy of price, or for any other cause. In March, 1899, plaintiff recovered judgment in the action to set aside the transfers of the personal estate. This judgment was affirmed in the appellate division (65 N. Y. Supp. 1145), and on accounting the interest of plaintiff in the personal estate was found to be $31,618.79, for which final judgment was entered. An appeal from that judgment is now pending in the court of appeals. And plaintiff further alleges "that, if such judgment is affirmed and paid, plaintiff will be in the position she should have been in when said real estate was sold in September, 1898, and desires that she should have an opportunity to compete with said Edgar and Bertha for the purchase thereof when in possession of the means." Since the sale (September 15, 1898), and until this action was commenced (November 11, 1901), a period of over three years, the sale has not been attacked or in any manner disturbed. The complaint alleges that Bertha still owns the property bid off at the sale at $31,200, and further alleges "that, if a sale of said real estate is ordered after plaintiff's judgment [in the personal action] is affirmed [in the court of appeals], plaintiff

will bid $40,000, or upwards, for said real estate." These are the
facts alleged in the complaint herein, and all of the material facts
therein alleged, and upon these facts plaintiff asks that the final judg-
ment, the order of confirmation, and the sale be vacated, a resale
ordered, and an accounting by the purchaser for rents and profits
and improvements since September 15, 1898, be directed.

I am unable to discover any precedent for an action of this char-
acter based upon similar facts. It is not unusual for a court of equity
to exercise its functions in setting aside judgments and decrees which
were obtained by the fraud of the party; but, as said by Judge Fol-
ger, in Stillwell v. Carpenter, 2 Abb. N. C. 263:

"The question of fraud which is open to examination in such case is as
to something which intervened in the proceedings by which the judgment was
obtained, and it must have occurred in the very concoction or procuring of
the judgment, and not have been known to the opposite party at the time,
and for not knowing which he is not chargeable with neglect or inattention."

No fraud is here charged in making the sale, or in obtaining the
confirmation of the sale, or the final judgment for distribution of the
proceeds of the sale. The sale might have been postponed by order
of court on any sufficient grounds. That it was not postponed seems
to constitute plaintiff's sole grievance. On the facts set forth in this
complaint, plaintiff applied to the court in the partition action for
a postponement of the sale. The motion was denied on the ground,
as the complaint alleges:

"The court holding that, the title to the real estate being undisputed, its
sale could not be suspended while plaintiff was trying to establish her right
to other property."

It appears by the complaint that subsequently a second motion
was made "for a stay pending the trial of her other action, but the
court held that it ought not to hold the title in abeyance pending
a determination of the issues of that action, or, as the court stated,
till the plaintiff could get rich."

That the partition action was the proper place to seek a delay of
the sale, which was the sole ultimate relief then or now desired, can-
not be doubted. The facts were then all known to the plaintiff, and
presumably were all presented on these two applications. No new
fact is set forth in this complaint, except the fact that a trial has been
had of the personal property action, and plaintiff has established the
verity of the facts presented to the court on the two motions referred
to, to wit, that the transfers made by plaintiff's mother of the per-
sonal property were void. According to the complaint, however,
the court on each application placed its decision on quite other
grounds than the sufficiency of proof of the facts presented. A
court of equity having jurisdiction has therefore twice decided, as
the complaint alleges, that the facts set forth in the complaint are
insufficient to entitle plaintiff to the relief sought, to wit, a postpone-
ment of the sale. It is difficult to see how a court of co-ordinate
jurisdiction can now reverse those decisions on the same facts. Such
a practice would unsettle the stability of judgments and decrees.
"The general rule that the decision and judgment of a court, as to
any matter within its jurisdiction, is conclusive upon the parties, and

those in privity with them, is fundamental. It secures respect for judicial decisions, and terminates litigation; * * * and a wise public policy demands that, in cases falling within the reason of the rule, it shall be adhered to." Judge Andrews, in Stilwell v. Carpenter, 59 N. Y. 423.

Aside from the fact alleged that the court has twice passed upon the question here presented, I do not think that there are any facts stated in the complaint upon which an independent action like the present one can stand. Such an action is unnecessary. The matter can be properly and effectually treated in the partition action. The facts alleged are not subject to dispute. No trial of any issues, which can be framed in answer to any material fact alleged in the complaint, is necessary. The sale was had in September, 1898. The judgment of confirmation and final judgment were entered in October, 1898. The judgment in the action concerning the personal property was rendered in March, 1899. So the new fact, if the judgment in the personal property action can be considered a new or material fact, was available to plaintiff within six months from the date of sale and entry of final judgment; and a new motion to set aside the sale and final judgment was not barred by lapse of time, as provided by sections 1282 and 1283 of the Code of Civil Procedure.

This complaint does not present any facts upon which can be predicated a charge of fraud not available in the partition action by motion. In so far as fraud can be predicated upon the acts of Bertha in defending the validity of the transfers of the personal property to her by her mother, it is at most but a legal conclusion, and not debatable or issuable; and this legal conclusion is just as available on a motion in the partition action as it can be in an independent action. I am therefore of the opinion that the learned trial court properly held that the complaint does not state facts sufficient to constitute a cause of action.

The judgments appealed from should be affirmed, with costs. All concur.